UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL BROWN, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:24-CV-380-GSL-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2020 conviction in St. Joseph County under case number 71D03-1909-F2-00017. (ECF 1.) This is not the first time he has challenged this conviction in federal court. In 2022, he filed a habeas petition challenging this conviction, and his petition was dismissed as untimely. *Brown v. Warden*, 3:22-CV-842-RLM-MGG (N.D. Ind. closed Oct. 6, 2022). In April 2024, he filed another petition challenging this same conviction. *Brown v. Warden*, 3:24-CV-313-JVB-JEM (N.D. Ind. closed Apr. 23, 2024). The petition was dismissed for lack of jurisdiction, and he was told that he could not proceed with a successive habeas petition challenging his 2020 conviction unless he obtained prior authorization from the Seventh Circuit. *See* 28 U.S.C. § 2244(a) (outlining procedures applicable to successive habeas petitions); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that district court lacks jurisdiction over unauthorized successive petition).

He has now returned with a third petition challenging this same conviction, yet there is no indication from his filing he has obtained authorization from the Circuit.

Additionally, it appears he tried to avoid the court's prior ruling by filing his third petition in a different District. (*See* ECF 1, 4.) He filed it less than a month after the court's order dismissing his second petition, and rather than use the proper form for seeking relief under 28 U.S.C. § 2254,[1] he repackaged his arguments into a filing that he labeled, "Motion to Take Judicial Notice and Appoint Pauper Counsel." (ECF 1.) Because he is challenging a state conviction, he must comply with the requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") regardless of how he labels his filing. As the Circuit has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Because Mr. Brown is challenging a state conviction, 28 U.S.C. § 2254 controls, including the provision prohibiting successive petitions without prior authorization from the Circuit. There is no indication he has obtained authorization to file this third petition, and therefore it too must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 157. He is cautioned that filing additional unauthorized successive habeas petitions challenging his 2020 conviction may result in the imposition of sanctions, including monetary fines and filing restrictions.

---

[1] He is clearly aware of the form because he used it when filing his second case. *See Brown*, 3:24-CV-313-JVB-JEM, ECF 1.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) for lack of jurisdiction;

(2) DENIES the motion for appointment of counsel (ECF 7) as moot;

(3) CAUTIONS James Michael Brown that filing any additional successive habeas petitions challenging his conviction in St. Joseph County under case number 71D03-1909-F2-00017 without express authorization from the Seventh Circuit may result in the imposition of monetary sanctions or filing restrictions; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on May 20, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT